Carl O. HOLLOMAN, Petitioner,

v.

REAL ESTATE COMMISSION of the District of Columbia, Respondent.

No. 4078.

District of Columbia Court of Appeals.

Argued Jan. 29, 1968.

Decided May 13, 1968.

Blaine P. Friedlander, Washington, D. C., with whom Mark P. Friedlander, Mark P. Friedlander, Jr., Washington, D. C., and Harry P. Friedlander, Arlington, Va., were on the brief, for petitioner.

Ted D. Kuemmerling, Asst. Corporation Counsel, with whom Charles T. Duncan, Corporation Counsel, Hubert B. Pair, Principal Asst. Corporation Counsel, and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for respondent.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

HOOD, Chief Judge.

This appeal is from an order of the Real Estate Commission denying petitioner's application for a license as a real-estate broker.[1] The basis of the denial was petitioner's failure to present "satisfactory proof that * * * [he] is trustworthy and competent to transact the business of a real-estate broker * * * in such a manner as to safeguard the interests of the public."[2]

Petitioner previously had been licensed as a broker, but on March 9, 1964, petitioner was notified by his surety it was canceling his real-estate broker's bond, effective April 8, 1964. The Commission then notified petitioner that unless a new bond was filed on or before April 8 his license would terminate.[3] A new bond was not timely filed and petitioner's license was terminated. (We shall later discuss petitioner's contention that the new bond was timely filed.) In the following month petitioner filed an application for a

1. D.C.Code 1967, § 45–1409.
2. D.C.Code 1967, § 45–1404.

3. D.C.Code 1967, § 45–1405.

new license. A hearing was had, the license was denied and this appeal followed.

█ Although petitioner had filed an application for a license, he took the position at the outset of the hearing that he had a license and he maintained this position throughout the hearing. His position was founded on his claim that he had filed a new bond on April 8 and therefore his previous license had been illegally terminated. The Commission found against petitioner on this claim and we cannot say it was in error in so finding. The records of the Commission indicated that the bond was not received prior to May 19. Although petitioner testified he presented the bond to the Commission on April 8, his own witness, a representative of the bonding company, testified the bond may not have been signed until after April 8 and was probably not delivered to petitioner until the 15th or 20th of April.

█ With respect to the application for a new license, there was evidence which at least raised doubt as to the trustworthiness and competency of petitioner to transact the business of a real-estate broker. Petitioner, still maintaining his position that he was a licensed broker, declined to offer any proof of his trustworthiness and competency. Under these circumstances the Commission was justified in holding that petitioner was not entitled to receive a license.[4]

█ Petitioner complains that there was an inordinate and unreasonable delay between the date of the filing of his application and the hearing thereon. Delay alone will not justify or require the issuance of a license to one not shown to be qualified.

Affirmed.

4. "No license * * * shall be issued * * * until the Commission has received satisfactory proof that the applicant is trustworthy and competent to transact the business of a real-estate broker * * * in such a manner as to safeguard the interests of the public." D.C.Code 1967, § 45–1404.